# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JEROME SKEE SMITH                                    CIVIL ACTION

VERSUS                                               NO. 13-3923

N. BURL CAIN, WARDEN                                 SECTION: "G" (3)

## ORDER

Before the Court is the State's "Rule 60(b) Motion for Relief from a Final Judgment, Order, or Proceeding,"[1] requesting reconsideration of this Court's September 22, 2016 Order finding that Petitioner Jerome Skee Smith ("Petitioner") is entitled to equitable tolling for the two day delay in filing his habeas corpus petition.[2]  No opposition to the pending motion was submitted, timely or otherwise. Accordingly, this motion is deemed unopposed. District courts may grant an unopposed motion as long as the motion has merit.[3] Having reviewed the motion, the memorandum in support, and the applicable law, the Court will deny the motion.

## I. Background

### A.    *Factual Background*

On May 15, 1986, a jury in the Orleans Parish Criminal District Court found Petitioner guilty of first degree murder.[4] On May 30, 1986, the trial court sentenced Petitioner to a term of

---

[1] Rec. Doc. 38.

[2] Rec. Doc. 32.

[3] *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[4] State Rec., Vol. XV of XXIII, Minute Entry, May 15, 1986.

life imprisonment without the benefit of probation, parole, or suspension of sentence.[5] On July 13, 1987, the Louisiana Fourth Circuit Court of Appeal affirmed Petitioner's conviction and sentence.[6] The Louisiana Supreme Court subsequently denied his writ application on January 29, 1988.[7]

After unsuccessfully seeking post-conviction relief in state court, Petitioner filed his first federal habeas petition in 1997, which was denied on March 17, 1998.[8]  Thereafter, Petitioner unsuccessfully sought post-conviction relief in the state courts on numerous occasions. The Louisiana Supreme Court denied relief on Petitioner's final state post-conviction relief application on May 18, 2012.[9]

On March 11, 2013, the United States Fifth Circuit Court of Appeals granted Petitioner authorization to file a second, successive habeas petition pursuant to 28 U.S.C. § 2244.[10] Petitioner filed the instant application for habeas relief on May 22, 2013.[11] The State filed a response arguing that the application is untimely.[12]

On August 7, 2015, the Magistrate Judge issued a Report and Recommendation, recommending that the Court dismiss Petitioner's claims with prejudice as untimely.[13] Petitioner filed objections to the Report and Recommendation, arguing, *inter alia*, that he was entitled to

---

[5] State Rec., Vol. XV of XXIII, Minute Entry, May 30, 1986.

[6] *State v. Smith*, 511 So.2d 1185 (La. App. 4th Cir. 1987); State Rec., Vol. VIII or XXIII.

[7] *State v. Smith*, 519 So.2d 114 (La. 1988); State Rec., Vol. VIII of XXIII.

[8] *Smith v. Whitley*, No. 97-1383 (E.D. La. Mar. 17, 1998); State Rec., Vol. XV of XXIII.

[9] *State ex rel. Smith v. State*, 89 So.3d 1180 (La. 2012); State Rec., Vol. XXI of XXIII.

[10] *In re Smith*, No. 13-30043 (5th Cir. Mar. 11, 2013); Rec. Doc. 1-1 at 271–73.

[11] Rec. Doc. 1.

[12] Rec. Doc. 18.

[13] Rec. Doc. 26.

equitable tolling for the two day delay in filing his petition because he was placed on lockdown and transferred to an area of the prison where he did not have access to his legal materials.[14] The State did not file a response to Petitioner's objections.

**B.      The Court's September 22, 2016 Order**

On September 22, 2016, the Court issued an Order rejecting the Magistrate Judge's recommendation that the Court dismiss Petitioner's claims with prejudice as untimely.[15] The Court noted that 28 U.S.C. § 2244(d)(1)(D) provides  that an application must be filed one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[16] Because neither party objected to the Magistrate's determination that Petitioner's application must have been filed on or before Monday, May 20, 2013, unless that deadline was extended through tolling, the Court adopted this determination.[17]

The Court noted that Petitioner's one-year statute of limitations period began to run on May 18, 2012, when the Louisiana Supreme Court denied Petitioner's last state post-conviction application, and ran without interruption for the full 365 days until its expiration on May 20,

---

[14] Rec. Doc. 27 at 2.

[15] Rec. Doc. 32.

[16] *Id.* at 9.

[17] *Id.* at 10. In its original briefing, the State argued that Petitioner could have discovered this evidence no later than August 9, 1992, the date on which Petitioner filed his supplemental post-conviction relief application in state court, which was based on evidence contained in the District Attorney's file. Rec. Doc. 18 at 17. However, the Magistrate Judge determined that the petition must have been filed no later than May 20, 2013, and the State did not object to that determination.

2013.[18] Because no state applications were pending during that period, the Court determined that Petitioner was not entitled to statutory tolling.[19]

The Court rejected Petitioner's argument that he was entitled to equitable tolling because he believed the Fifth Circuit would transmit a copy of his petition to this court for filing, noting that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."[20] Petitioner also argued that he was entitled to equitable tolling for the two day delay in filing his petition because he was placed on lockdown on March 28, 2013, and on May 7, 2013 he was transferred to an area of the prison where he did not have access to his legal materials.[21] The Court noted that Petitioner's mother called the district court on May 10, 2013, and was informed that no petition was pending. Petitioner then contacted the Fifth Circuit for guidance, and was advised that the Fifth Circuit would transfer an extra copy of the petition to this Court if Petitioner paid for the postage.[22] Petitioner's mother paid the postage on May 20, 2013, but she was informed that Petitioner must sign and date the petition.[23] Petitioner received the petition on May 22, 2013, signed and dated it, and placed it in the mailbox the same day.[24] The Court determined that Petitioner had presented sufficiently extraordinary circumstances that would make it unduly harsh to bar Petitioner from having his case considered on the merits because of the

---

[18] Rec. Doc. 32 at 10–11.

[19] *Id.* at 11.

[20] *Id.* at 12 (citing *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002)).

[21] *Id.*

[22] *Id.* at 14.

[23] *Id.*

[24] *Id.*

lockdown, he could not access his legal materials and the confusion regarding transfer of his case from the Fifth Circuit.[25] Accordingly, the Court found that Petitioner was entitled to equitable tolling during this two day delay in filing his federal habeas petition, reasoning that a dismissal of the petition as time-barred based on a strict application of the statute of limitations under these circumstances would be unduly harsh and inequitable.[26]

Addressing the actual innocence exception, the Court noted that Petitioner pointed to four items of new evidence that the State failed to disclose in violation of *Brady v. Maryland*.[27] The Court noted that the actual innocence standard requires a greater degree of confidence than does the *Brady* violation analysis.[28]  Under the actual innocence analysis, the petitioner has the burden of proving that the jury vote would have changed based on the new evidence, whereas the *Brady* analysis only requires a reasonable probability that the outcome would have changed.[29] Because the Court found that Petitioner was entitled to equitable tolling, it did not determine whether this new evidence was enough to establish a claim of actual innocence.[30]

---

[25] *Id.*

[26] *Id.*

[27] *Id.* at 18–19.

[28] *Id.* at 19 (citing *Crayton v. Cain*, No. 02-2162, 2013 WL 5305673, at *6 (E.D. La. Sept. 19, 2013); *Ratliff v. Steele*, No. 12-01238, 2013 WL 3790630, at *8 (M.D. Tenn. Jul. 19, 2013), *adopted*, 2013 WL 4496507 (M.D. Tenn. Aug. 19, 2013); *Abara v. Palmer*, No. 10-00623, 2013 WL 1182108, at *15 (D. Nev. Mar. 19, 2013)).

[29] *Id.*

[30] *Id.*

## II. Parties' Arguments

**A.**   ***The State's Rule 60(b) Motion***

The State moves for relief from the Court's September 22, 2016 Order pursuant to Federal Rule of Civil Procedure 60(b), which provides that a court may "relieve a party or its legal representatives from a final judgment, order, or proceeding" in certain circumstances.[31] The State argues that Petitioner "dishonestly pleaded to this Court that circumstances beyond his control prevented him from timely filing his petition."[32] The State asserts that Petitioner's claim that he was placed on lockdown on March 28, 2013, and that on May 7, 2013, he was transferred to an area of the prison in which he did not have access to his legal materials is "patently false."[33]

The State contends that records from the Louisiana Department of Safety and Corrections ("DPSC"), an affidavit from an official with DPSC and an affidavit from an official with the Louisiana State Penitentiary ("LSP") show that on March 28, 2013, Petitioner was being housed in the Oak 4 dormitory at LSP, where he had access to two locker boxes which contained his legal materials.[34] According to the State, on March 28, 2013, however, Petitioner was caught committing "an aggravated sex offense, in violation of the DPSC's rules and regulations," and was transferred the next day to maximum-security "administrative segregation" on cell block "D."[35] At that time, the State contends that Petitioner's property, including the two locker boxes

---

[31] Rec. Doc. 38-1 at 2.

[32] *Id.*

[33] *Id.* at 3.

[34] *Id.* at 3–4.

[35] *Id.* at 4.

containing his legal documents, was removed from his dormitory and placed in storage.[36] The State asserts that Petitioner could have requested his legal materials at any time.[37]   The State avers that in April 2013, three separate Disciplinary Board hearings related to the aggravated sex offense were held, and after being found guilty Petitioner was sentenced to the maximum-security Tiger 4 cell block of LSP.[38] According to the State, on May 7, 2013, Petitioner was transferred to the Tiger 4 cell block, and at any time he could have requested, and received in a timely manner, his legal materials.[39]  The State asserts that Petitioner remained in Tiger 4 until January 3, 2014.[40]

The State notes that Petitioner filed his habeas petition on May 22, 2013, while he was being housed in Tiger 4.[41] Even assuming that Petitioner did not have access to his legal materials while in Tiger 4, the State asserts that this does not excuse his failure to file the petition between March 11, 2013—the date the Fifth Circuit allowed Petitioner to file a successive petition—and May 7, 2013.[42]

Moreover, the State asserts that Petitioner was placed in lockdown because of his actions.[43] The State contends that "[h]olding that a self-inflicted lockdown warrants equitable tolling would create a perverse incentive—a prisoner would be encouraged to commit a disciplinary infraction

---

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.* at 5.

when his AEDPA limitations date was fast approaching and he was not prepared to file his habeas petition."[44]

The State notes that many courts have held that intermittent lockdowns at some point during the limitations period does not constitute extraordinary circumstances warranting equitable tolling.[45] In light of the evidence that Petitioner did have access to his legal materials, the State argues that the Court should reconsider its finding that equitable tolling is warranted here.[46]

Finally, the State argues that Petitioner's actual innocence claim is insufficient to overcome the limitations period.[47] The State asserts that the facts presented at Petitioner's trial strongly establish his guilt.[48] Further, the State argues that much of the new evidence presented by Petitioner does not conflict or is not otherwise inconsistent with the testimony given at trial.[49]

### B.    Petitioner's Opposition

Petitioner did not file a brief in opposition to the State's motion.

---

[44] *Id.*

[45] *Id.* (citing *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004); *Sheppard v. Stephens*, No. 16-0426, 2016 WL 4276292, at *2 (W.D. Tex. May 26, 2016); *Beeson v. Stephens*, No. 15-0854, 2015 WL 4622400, at *2 (S.D. Tex. Jul. 30, 2015); *Barbour v. Prince*, No. 13-6207, 2014 WL 6901372, at *6 (E.D. La. Dec. 5, 2014)).

[46] *Id.* at 5–6.

[47] *Id.* at 6.

[48] *Id.*

[49] *Id.*

### III. Law and Analysis

*A.*     *Legal Standard*

The State moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), which provides that the Court may relieve a party from a final judgment, order or proceeding for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

However, a final judgment has not been entered in this case. When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls. Rule 54(b) provides in pertinent part:

[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Pursuant to Rule 54, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[50] The Fifth Circuit

---

[50] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

has stated that a court may reconsider and reverse an interlocutory order for "any reason it deems sufficient, even in the absence of new evidence or an intervening change or in clarification of the new law."[51]

Courts in this district generally evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[52] Federal Rule of Civil Procedure 59(e) also allows courts to alter or amend its judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[53] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[54] with relief being warranted only when the basis for relief is "clearly establish[ed]."[55] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

> (1)    the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

---

[51] *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)).

[52] *See S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (Brown, J.) (citing *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 1424398, at *3 (E.D. La. 2010) (Vance, J.); *Rosemond v. AIG Ins.*, No. 08–1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05–4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.)).

[53] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[54] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[55] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

(2)      the movant presents newly discovered or previously unavailable evidence;

(3)      the motion is necessary in order to prevent manifest injustice; or

(4)      the motion is justified by an intervening change in controlling law.[56]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[57] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[58] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[59] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[60] "A motion to reconsider based on an alleged discovery of new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching."[61]

---

[56] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citations omitted).

[57] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

[58] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[59] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[60] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[61] *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (quoting *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010)).

### B.    Analysis

Petitioner filed his federal habeas petition on May 22, 2013, two days after the expiration of the limitations period. In its September 22, 2016 Order, the Court determined that Petitioner was entitled to equitable tolling for the two day delay because Petitioner had been on lockdown, did not have access to his legal materials and there was confusion regarding the transfer of his case from the Fifth Circuit.[62] The State argues that Petitioner "dishonestly pleaded to this Court that circumstances beyond his control prevented him from timely filing his petition."[63] The State asserts that Petitioner's claim that he was placed on lockdown on March 28, 2013, and that on May 7, 2013, he was transferred to an area of the prison in which he did not have access to his legal materials is "patently false."[64] Accordingly, the State argues that the Court should reconsider its finding that equitable tolling is warranted here.[65]

The United States Supreme Court has expressly held that the AEDPA's limitation period is subject to equitable tolling.[66] However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[67] A petitioner bears the burden of proof to establish entitlement to equitable tolling and "must demonstrate rare and exceptional

---

[62] Rec. Doc. 32 at 14.

[63] Rec. Doc. 38-1 at 2.

[64] *Id.* at 3.

[65] *Id.* at 5–6.

[66] *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

[67] *Id*. at 2562 (internal quotation marks omitted).

circumstances warranting application of the doctrine."[68] Equitable tolling is warranted "only in situations where 'the [petitioner was] actively misled . . . or [was] prevented in some extraordinary way from asserting his rights.'"[69]

In support of its motion for reconsideration, the State relies on records from the Louisiana DPSC, an affidavit from an official with DPSC, and an affidavit from an official with LSP. These documents show that on March 28, 2013, Petitioner was being housed in the Oak 4 dormitory at LSP, where he had access to two locker boxes which contained his legal materials.[70] On March 28, 2013, however, Petitioner was caught committing "an aggravated sex offense, in violation of the DPSC's rules and regulations," and was transferred the next day to maximum-security "administrative segregation" on cell block "D."[71] At that time, Petitioner's property, including the two locker boxes containing his legal documents, was removed from his dormitory and placed in storage.[72] Both affidavits state that Petitioner could have requested, and received in a timely manner, his legal materials at any time.[73]  In April 2013, three separate Disciplinary Board hearings related to the aggravated sex offense were held, and after being found guilty Petitioner was sentenced to the maximum-security Tiger 4 cell block of LSP.[74] On May 7, 2013, Petitioner was

---

[68] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

[69] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

[70] Rec. Doc. 38-4 at 2, 5.

[71] *Id.*

[72] *Id.*

[73] *Id.*

[74] *Id.*

transferred to the Tiger 4 cell block, where at any time he could have requested, and received in a timely manner, his legal materials.[75]

In light of this alleged "new" evidence that Petitioner did have access to his legal materials, the State argues that the Court should reconsider its finding that equitable tolling is warranted here.[76] As noted above, "[a] motion to reconsider based on an alleged discovery of new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching."[77]

The State offers no explanation as to why this "new" evidence was not previously offered to the Court. This information was clearly available to the State, and could have been discovered earlier with proper diligence. The State was on notice of Petitioner's arguments regarding his entitlement to equitable tolling, but it failed to file any opposition to Petitioner's objections to the Report and Recommendation. The State has not shown that this evidence is "the type of 'new evidence' that a truly diligent litigant would be powerless to unearth" prior to the Court's September 22, 2016 Order.[78]

Moreover, even if this evidence was newly discovered, the State has not met its burden of showing that consideration of these new facts would "probably change the outcome."[79] The

---

[75] *Id.*

[76] Rec. Doc. 38-1 at 5–6.

[77] *Ferraro*, 796 F.3d at 534 (quoting *Johnson*, 597 F.3d at 673).

[78] *Id.* at 535 (quoting *Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995)).

[79] *Id.* (quoting *Johnson*, 597 F.3d at 673).

Court's equitable tolling determination was not only based on Petitioner's lockdown, but also on the confusion regarding the transfer of this case from the Fifth Circuit. The Fifth Circuit granted Petitioner leave to file a successive habeas petition on March 11, 2013. On March 29, 2013, Petitioner was transferred to maximum-security "administrative segregation," and his legal materials were placed in storage. At that time, Petitioner believed that his habeas petition had been transferred to this Court by the Fifth Circuit. Petitioner's mother called the district court on May 10, 2013, and was informed that no petition was pending. Petitioner then contacted the Fifth Circuit for guidance, and was advised that the Fifth Circuit would transfer an extra copy of the petition to this Court if Petitioner paid for the postage. Petitioner's mother paid the postage on May 20, 2013, but she was informed that Petitioner must sign and date the petition. Petitioner received the petition on May 22, 2013, signed and dated it, and placed it in the mailbox the same day.

The State argues that the Court should find that Petitioner is not entitled to equitable tolling because he was placed in lockdown due to a violation of DPSC rules.[80] The State asserts that such a holding would encourage a prisoner "to commit a disciplinary infraction when his AEDPA limitations date was fast approaching and he was not prepared to file his habeas petition."[81] The Court finds this argument unpersuasive as there is no indication that Petitioner committed the infraction to extend the limitation period. Further, equitable tolling is a fact specific determination decided on a case-by-case basis.

As the Court stated in its September 22, 2013 Order, this was not a case where Petitioner was "sitting" on his rights. A finding of tolling is an equitable remedy available to an individual

---

[80] Rec. Doc. 38-1 at 5.

[81] *Id.*

who has been pursuing his rights diligently and experienced some extraordinary circumstance preventing timely filing.[82] The Court found that this case presents sufficiently extraordinary circumstances that would make it unduly harsh to bar Petitioner from having his case considered on the merits because his petition was two days late because of the lockdown, access to legal materials and the confusion regarding transfer of Petitioner's case from the Fifth Circuit. The alleged "new" evidence submitted by the State is insufficient to meet the State's burden of showing that consideration of these "new" facts would probably change the outcome.[83]

### IV. Conclusion

For the reasons stated above, the Court finds that the State is not entitled to reconsideration on the issue of equitable tolling because the State has not meet its burden of showing that the "new" evidence could not have been discovered earlier with proper diligence or that consideration of these "new" facts would probably change the outcome. Accordingly,

**IT IS HEREBY ORDERED** that "Rule 60(b) Motion for Relief from a Final Judgment, Order, or Proceeding"[84] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this __27th__ day of December, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[82] *Holland*, 130 S.Ct. at 2560.

[83] *Ferraro*, 796 F.3d at 535 (quoting *Johnson*, 597 F.3d at 673).

[84] Rec. Doc. 38.